UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SONJIA RANAE MCCLURE,

                Plaintiff,        Civil Action No. 13-12599
                                         Honorable Sean F. Cox
                                         Magistrate Judge David R. Grand

v.

COMMISSIONER OF
SOCIAL SECURITY,

                Defendant.
_____/

## REPORT AND RECOMMENDATION
## ON MOTION FOR ATTORNEY'S FEES [21]

**I.    REPORT**

    **A.    Background**

On June 13, 2013, Plaintiff Sonjia Ranae McClure ("McClure") filed suit against the Commissioner of Social Security ("Commissioner"), challenging the Commissioner's denial of her application for Supplemental Security Income ("SSI"). (Doc. #1). After the parties filed cross-motions for summary judgment, this Court entered a Report and Recommendation ("R&R") finding that the Administrative Law Judge's ("ALJ") conclusion that McClure was not disabled under the Social Security Act was not supported by substantial evidence. (Doc. #17). As a result, this Court recommended remanding the matter to the ALJ for further proceedings pursuant to sentence four of 28 U.S.C. §405(g). (*Id.*). The Commissioner did not object to the R&R, which was adopted by Judge Cox on June 19, 2014. (Doc. #19).

On July 21, 2014, McClure timely filed a motion requesting an award of $6,528.51 in attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412. (Doc. #29). The Commissioner did not respond to McClure's motion or otherwise

oppose the relief requested. On July 22, 2014, Judge Cox referred McClure's motion to the undersigned for a report and recommendation pursuant to 28 U.S.C. §636(b)(1)(B). (Doc. #22).

**B.   Analysis**

*1.   McClure is Entitled to an Award of EAJA Attorney's Fees*

The EAJA provides in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses … incurred by that party in any civil action … including proceedings for judicial review of agency action, brought by or against the United States … unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. §2412(d)(1)(A). The Sixth Circuit has identified three conditions which must be met to recover attorney's fees under the EAJA: (1) the claimant must be the prevailing party; (2) the government's position must be without substantial justification; and (3) there are no special circumstances which would warrant a denial of fees. *See Marshall v. Comm'r of Soc. Sec.*, 444 F.3d 837, 840 (6th Cir. 2006); *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991).

With respect to the first condition, the United States Supreme Court has held that a party who obtains a sentence four remand is a prevailing party eligible for a judgment awarding attorney's fees under the EAJA. *See Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1992). Since McClure obtained a sentence four remand in this case, this condition has been met.

With respect to the second and third conditions, the Commissioner offers no special circumstances which might warrant denial of fees and has made no attempt to satisfy the burden of demonstrating that the government's position was substantially justified. *See Scarborough v. Principi*, 541 U.S. 401, 414-15 (2004); *accord Peck v. Comm'r*, 165 F. App'x 443, 446 (6th Cir. 2006). Therefore, McClure is entitled to an award of attorney's fees under the EAJA.

*2.     Amount of Attorney's Fees*

Attorney's fees claimed under the EAJA must be reasonable. *See Glass v. Sec'y of Health and Human Servs.*, 822 F.2d 19, 21 (6th Cir. 1987). As the Supreme Court noted in *Hensley v. Eckerhart*, 461 U.S. 424 (1983), the "most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* at 433. In *Glass*, the Sixth Circuit recognized that "the rate-times-hours method of calculation, also known as the 'lodestar' approach, includes most, if not all, of the factors relevant to determining a reasonable attorney's fee." *Glass*, 822 F.2d at 21 (citing *Coulter v. State of Tennessee*, 805 F.2d 146, 149 (6th Cir. 1986)).

With respect to the hours claimed, the EAJA requires "an itemized statement from [the] attorney … representing or appearing on behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. §2412(d)(1)(B). McClure's counsel submitted such an itemized statement, indicating that he expended 32.75 hours in this matter and is seeking compensation at the rate of $187.13 per hour. (Doc. #21 at Ex. B). The Commissioner has not challenged the hours expended by McClure's counsel, and the Court finds that these hours have been adequately documented and are reasonable for a case such as this and given the result achieved by that work.

As for the $187.13 hourly rate requested by McClure, the statutory maximum rate is $125 per hour, "unless the court determines that an increase in the cost of living or a special factor … justifies a higher fee." 28 U.S.C. §2412(d)(2)(A). Courts have recognized, however, that although the EAJA generally caps the hourly rate for attorney's fees at $125 per hour, the "statutory rate is a ceiling and not a floor." *Chipman v. Sec'y of Health and Human Servs.*, 781 F.2d 545, 547 (6th Cir. 1986).

3

Here, McClure seeks to recover at a rate of $187.13 per hour, which is above the statutory cap. In this case, the Court concludes that the rate requested by McClure's counsel is reasonable. McClure has asserted, with citation to the Consumer Price Index prepared by the Bureau of Labor and Statistics, that $187.13 is a reasonable hourly rate, based on the $125 per hour rate authorized by the EAJA with an appropriate cost of living enhancement. (Doc. #21 at Ex. B). In addition, McClure's attorney detailed his significant experience litigating social security cases and provided evidence that he recently was awarded attorney's fees at the rate of $200 per hour in a state breach of contract case. (*Id.*). The Commissioner has not opposed the rate requested by McClure, and other courts in this district have approved EAJA rates in this general range. *See, e.g., Grimsley v. Astrue*, 2012 WL 2031249, at *2 (E.D. Mich. June 6, 2012) ($182.75 was a reasonable rate for work performed in 2012); *Johnson v. Comm'r of Soc. Sec.*, 2014 WL 3420776, at *4-5 (E.D. Mich. July 14, 2014) ($181.60 per hour reasonable for work performed in 2013); *Lewandowski-Farr v. Comm'r of Soc. Sec.*, 2013 WL 3328495, at *1 (E.D. Mich. July 2, 2013) ($178 per hour reasonable). Thus, this Court finds that a rate of $187.13 per hour is reasonable in this case. Multiplying the 32.75 hours counsel expended by the $187.13 hourly rate yields a total of $6,128.51 in attorney's fees. Thus, McClure is entitled to an award of EAJA fees in the amount of $6,528.51 ($6,128.51 in attorney's fees, plus the $400 filing fee).

## II.     RECOMMENDATION

For the foregoing reasons, the Court **RECOMMENDS** that McClure's Motion for Attorney's Fees [21] be **GRANTED** and that McClure[1] be awarded attorney's fees in the total

---

[1] Although McClure's affidavit, which was submitted with her motion (Doc. #21 at Ex. A), asks that the EAJA award be made payable to her attorney, the EAJA provides in pertinent part that the Court shall award fees "to a prevailing party." 28 U.S.C. §2412(d)(1)(A). Thus, any judgment entered for EAJA attorney's fees must be entered in McClure's favor. *See Astrue v. Ratliff*, 130 S. Ct. 2521, 2528 (2010). Any fee agreement between McClure and her attorney is not part of this case.

amount of $6,528.51, representing 32.75 hours of attorney time at the rate of $187.13 per hour ($6,128.51), plus $400 in costs.

Dated: August 28, 2014             s/David R. Grand
Ann Arbor, Michigan              DAVID R. GRAND
                                                   United States Magistrate Judge

## NOTICE

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. L.R. 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 28, 2014.

                                                    s/Felicia Moses for Eddrey O. Butts
                                                    EDDREY O. BUTTS
                                                    Case Manager